No. 24,710.

THE STATE OF KANSAS, ex rel. A. B. MITCHELL, as County Attorney of Douglas County, *Appellee,* v. F. H. HARPER, *Appellant.*

No. 24,580.

THE STATE OF KANSAS, ex rel. A. B. MITCHELL, as County Attorney of Douglas County, *Appellee,* v. F. H. HARPER, *Appellant.*

SYLLABUS BY THE COURT.

1. COMMON NUISANCE—*Operating a Feed Lot for Feeding Live Stock in a City—Evidence.* The evidence was sufficient to show that the defendant maintained a common nuisance by operating a feed lot within the corporate limits of a city.

2. SAME—*Violation of Temporary Injunction—Evidence.* The evidence was sufficient to show that the defendant had violated a temporary injunction restraining him from maintaining a common nuisance by operating a feed lot within the limits of an incorporated city.

3. SAME—*Violation of Temporary Injunction—Contempt—Power of Court to Require Bond.* On finding a defendant guilty of violating a temporary injunction restraining him from maintaining a common nuisance by operating

The State, *ex rel.,* v. Harper.

a feed lot within the limits of an incorporated city, the court has power, for the purpose of securing obedience to the injunction, to require that the defendant give a bond in the sum of $3,000 conditioned that he will not further violate the order of the court.

Appeals from Douglas district court; HUGH MEANS, judge. Opinion filed October 6, 1923. Affirmed.

*George K. Melvin,* and *R. E. Melvin,* both of Lawrence, for the appellant.

*C. B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, *A. B. Mitchell,* county attorney, *J. B. Wilson,* and *Walter G. Thiele,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: In case No. 24,710, the defendant appeals from a judgment enjoining him from keeping and maintaining a common nuisance on certain real property in the city of Lawrence.

In case No. 24,580, the defendant appeals from a judgment convicting him of contempt for violating a temporary injunction in the case mentioned above. For the contempt, the defendant was fined $100 and ordered to give a bond in the sum of $3,000, conditioned that he would not further violate the order of the court.

1. Under the appeal in case No. 24,710, defendant contends that "the court erred in finding that defendant's premises constituted a nuisance." This contention resolves itself into a question concerning the sufficiency of the evidence. It is argued that the evidence was not sufficient to warrant the court in finding that the defendant had been maintaining a common nuisance. There was evidence which tended to show that the defendant operated a feed lot some two or three hundred feet square in which he fed large numbers of horses, mules, cattle, and hogs; that the feed lot was located in that part of the city of Lawrence known as North Lawrence; that near the feed lot were a number of residences in which families lived; that the feed lot at all times contained large quantities of manure; that it was often wet and muddy; that it gave forth heavy and offensive odors; and that it was a hatching place for countless flies which swarmed from the feed lot to the residences adjoining it. There was evidence to contradict that showing of the filthy condition of the feed lot. The weight and sufficiency of the evidence was for the court, and its finding on that evidence is conclusive in this court, under repeated decisions.

The judgment in case No. 24,710 is affirmed.

2. The defendant contends that the court erred in finding him guilty of contempt in violating a temporary injunction that had been issued. This also resolves itself into a question of the sufficiency of the evidence. The evidence to etablish the contempt was substantially the same as that which proved that a nuisance was being maintained and was sufficient to establish the fact that the defendand had violated the temporary injunction.

3. The defendant complains of the order requiring him to give a $3,000 bond and argues that the court had no power to require that such a bond be given. A temporary injunction had been granted, which the defendant thereafter continuously violated. Section 260 of the code of civil procedure reads as follows:

"An injunction granted by a judge may be enforced as the act of the court. Disobedience of any injunction may be punished as a contempt, by the court or any judge who might have granted it in vacation. An attachment may be issued by the court or judge, upon being satisfied, by affidavit, of the breach of the injunction, against the party guilty of the same, and he may be required, in the discretion of the court or judge, to pay a fine not exceeding two hundred dollars, to make immediate restitution to the party injured, and give further security to obey the injunction; or, in default thereof, he may be committed to close custody until he shall fully comply with such requirements, or be otherwise legally discharged."

The court had power to require that the bond be given. If there were no statute, the court would have power to make such orders as were necessary to secure obedience to the injunction.

The judgment in the contempt proceeding is affirmed.